**Patsy Lou GRUMBINE**

v.

**The TEAMSTERS PENSION TRUST FUND OF PHILADELPHIA & VICINITY.**

Civ. A. No. 86–1149.

United States District Court, E.D. Pennsylvania.

July 18, 1986.

Konrad Kuczak, Dayton, Ohio, David Grunfeld, Philadelphia, Pa., for plaintiff.

Frank C. Sabatino, Philadelphia, Pa., for defendant.

## OPINION

LUONGO, Chief Judge.

■ In this action, plaintiff Patsy L. Grumbine seeks to recover disability retirement benefits allegedly due to her as beneficiary of her deceased husband Richard Grumbine. Plaintiff avers that Richard Grumbine qualified for benefits as a participant in defendant Teamsters Pension Trust Fund of Philadelphia & Vicinity. The Fund has moved to dismiss the complaint or, in the alternative, for summary judgment on the ground that plaintiff has not exhausted her right to appeal within the Fund. Plaintiff has responded that the exhaustion requirement should not apply in her case and has filed a cross-motion for summary judgment, contending that she is entitled to benefits as a matter of law. Because I conclude that plaintiff must avail herself of the Fund's internal appeal procedures before resorting to the federal courts, I will grant defendant's motion for summary judgment[1] and deny plaintiff's cross-motion.

Certain facts are not in dispute. The Fund is a multiemployer plan established to furnish pension benefits to participants. A written pension plan provides for the payment of disability retirement benefits to eligible participants who are totally and permanently disabled. Richard Grumbine was a Fund participant by virtue of employer contributions made to the Fund on his behalf through the end of 1971. On April 25, 1980 he filed an application for retirement benefits, stating that he was disabled and had been receiving Social Security disability benefits since February of 1975. In a letter dated January 26, 1981,

---

1. Both parties have presented matters outside the complaint in support of their motions. In my view, the issues are straightforward and can appropriately be resolved by summary judgment at this time.

Fund Administrator Charles J. Schaffer, Jr. denied the application, explaining that Mr. Grumbine had incurred a break in service which made him ineligible for pension benefits. The letter stated that Mr. Grumbine could appeal the decision by following the procedures outlined in an enclosed summary plan description. Under the pension plan, a participant who is denied benefits has the right to request a hearing from a panel of Fund trustees. If dissatisfied with the trustees' decision, the participant may submit the matter to arbitration. Mr. Grumbine did not appeal.

In a letter dated September 20, 1983 plaintiff inquired as to her right to receive benefits on behalf of her husband, who died in 1982. Mr. Schaffer replied in a letter dated September 26, 1983, stating that Mr. Grumbine had been found ineligible for benefits and informing plaintiff of the appeal procedures set forth in the pension plan. Mrs. Grumbine also did not appeal. Instead, she retained an attorney who began to correspond with the Fund on March 5, 1985. The Fund responded to the attorney's requests for information and explained again why the Grumbines' applications for benefits had been denied. On May 20, 1985, plaintiff's counsel wrote a letter to Mr. Schaffer outlining his belief that Mr. Grumbine qualified for a disability retirement pension. Apparently receiving no response, plaintiff filed the instant lawsuit on February 27, 1986.

Defendant's motion for summary judgment is based upon the Grumbines' failure to exhaust their right to appeal within the Fund. Plaintiff argues that she should be excused from the exhaustion requirement because defendant did not provide her with the plan documents in effect when Richard Grumbine first became disabled. She also asserts that, although defendant rejected applications for *pension* benefits, defendant has refused to take action on her request for *disability* benefits.

Section 502(a) of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(a), provides that a participant or beneficiary of an employee benefit plan may bring a civil action to recover benefits due under the plan. Before bringing such an action, however, a claimant must normally exhaust internal remedies provided by the plan. *E.g., Denton v. First National Bank,* 765 F.2d 1295 (5th Cir.1985); *Wolf v. National Shopmen Pension Fund,* 728 F.2d 182, 185 (3d Cir.1984); *Tomczyscyn v. Teamsters, Local 115 Health & Welfare Fund,* 590 F.Supp. 211, 213 (E.D.Pa.1984). In general, courts will excuse a failure to exhaust "only if the claimant is threatened with irreparable harm, if resort to administrative remedies would be futile, or if the claimant has been denied meaningful access to the plan's administrative procedures." *Id.*

Plaintiff has not alleged that she bypassed the Fund's appeal procedures because she is threatened with irreparable harm, nor that resort to those procedures would be futile. Although her position is not entirely clear, she appears to be arguing that she was denied meaningful access to Fund remedies. According to plaintiff, the Fund did not give her copies of the plan documents in effect when Richard Grumbine became disabled and she was therefore deprived of information which could have served as the basis of an appeal.

The Secretary of Labor has promulgated regulations governing the information which must be provided to a plan participant who has been denied benefits. The regulations state, in pertinent part:

A plan administrator ... shall provide to every claimant who is denied a claim for benefits written notice setting forth in a manner calculated to be understood by the claimant:

(1) The specific reason or reasons for the denial;

(2) Specific reference to pertinent plan provisions on which the denial is based;

(3) A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary; and

(4) Appropriate information as to the steps to be taken if the participant or

beneficiary wishes to submit his or her claim for review.

29 C.F.R. § 2560.503–1(f).

In my view, Mr. Schaffer's letters of January 26, 1981 and September 26, 1983 satisfy these requirements. Mr. Schaffer explained why the Grumbines were not eligible for benefits under the terms of the plan, set forth their right to appeal and enclosed copies of the plan or summary plan description which he deemed applicable. The regulations do not suggest that the Fund must, at this preliminary stage, supply the claimant with copies of earlier plan documents which might arguably be relevant to the claim. Further information can be obtained in connection with the claimant's administrative appeal. *See* 29 C.F.R. § 2560.503–1(g)(1).

■ Moreover, even if the Fund did provide the Grumbines with inadequate information, plaintiff would still be required to follow the Fund's appeal procedures. In *Tomczyscyn,* 590 F.Supp. 211, plaintiffs who had been denied benefits under an employee welfare plan argued that they should be excused from the exhaustion requirement because the denial letter did not inform them of their right to appeal. I rejected the plaintiffs' argument, holding that:

> The policies supporting the exhaustion requirement apply equally to plaintiffs' claim even though a procedural irregularity within the Fund may have contributed to their premature attempt to secure judicial relief. The trustees of the Fund are entrusted with the responsibility of deciding in the first instance the merits of requests for benefits, and they must be given the opportunity to fulfill that office.

*Id.* at 215.

In this case, any defect in the information provided by the Fund is even more technical than the defect in *Tomczyscyn.* Plaintiff has submitted a copy of the pension plan which she contends governs her claim. The break in service rules set forth in this plan are the same as those in the plan upon which Mr. Schaffer relied. *Com-*

*pare* Teamsters Pension Plan of Philadelphia & Vicinity Art. I, § R (as amended Apr. 1, 1968) *with* Teamsters Pension Plan of Philadelphia & Vicinity Art. I, §§ N(5), 0(4) (effective Jan. 1, 1976) (providing that a 156 week interruption of covered employment constitutes a break in service). The only possibly relevant difference between the eligibility rules of the two plans is that the later plan permits participants to qualify for benefits after a shorter period of service. Plaintiff has not explained, and I fail to see, how knowledge of the earlier plan's stricter requirements would have provided her with an otherwise unidentifiable basis for appeal.

■ Plaintiff also contends that she did not apply for *disability* benefits, the subject of this lawsuit, until May of 1985, when her attorney informed the Fund of his belief that Mr. Grumbine was eligible for such benefits. She characterizes the 1980 and 1983 applications, which defendant rejected, as being for *pension* benefits only. According to plaintiff, defendant never acted upon her request for disability benefits and she thus could not have invoked the Fund's appeal procedures.

Plaintiff's position is without merit. Even if I were to accept her characterization of the various applications for benefits, I must conclude that she still has internal Fund remedies available to her. Under the Secretary of Labor's regulations, a plan must notify a claimant of a denial of benefits within a reasonable time (normally 90 days) after receiving the claim. A claimant who is not notified within the prescribed time may proceed directly to review under the plan's internal procedures. 29 C.F.R. § 2560.503–1(e). Thus, whether or not the Fund has formally denied plaintiff's application for disability benefits, she has the right to appeal within the Fund. I have already made clear that a procedural defect in the Fund's handling of plaintiff's claim would not excuse her from exercising that right.

Moreover, I must note that plaintiff's attempt to distinguish between disability

and pension benefit applications in this case appears to be somewhat disingenuous. The pension plan makes clear that all benefits provided by the Fund, whether based on age or on disability, are retirement benefits. Mr. Schaffer has stated in an affidavit that when a participant applies for benefits the Fund considers any basis for eligibility of which it is aware.[2] Mr. Grumbine's 1980 application revealed that he was disabled. Mr. Schaffer's use of the general term "pension benefits" in his denial letter is not inconsistent with his representation that Mr. Grumbine was considered for both early or normal and disability retirement benefits, and plaintiff has given me no other concrete reason to doubt that representation. In fact, the letter sent to the Fund by plaintiff's counsel on May 20, 1985 appears to be part of an ongoing correspondence concerning Mr. Grumbine's eligibility for disability benefits rather than a new application for a new type of benefits.

In summary, I conclude that plaintiff's failure to submit her claim to the trustees in accordance with the Fund's internal appeal procedures makes this action premature. Defendant is therefore entitled to summary judgment.[3]

Defendant has also requested an award of attorneys' fees under Fed.R.Civ.P. 11. Although I agree that plaintiff's position was poorly considered, I believe on balance that imposition of Rule 11 sanctions is not appropriate in this case. Defendant's application for attorneys' fees will therefore be denied.

[2]. On July 1, 1986 plaintiff moved to strike Mr. Schaffer's affidavits. The grounds upon which plaintiff challenges the affidavits, besides being rather picayune, are irrelevant to the dispositive issues in this case. Plaintiff's motion will therefore be denied.

[3]. Because plaintiff's failure to exhaust her Fund remedies requires entry of summary judgment in defendant's favor, I need not consider defendant's alternate argument that this action is barred by the applicable statute of limitations.